**Lawrence WARD, Petitioner,**

v.

**STATE of Alaska, Respondent.**

**No. S–12075.**

Supreme Court of Alaska.

March 16, 2007.

Before: FABE, Chief Justice, and MATTHEWS, EASTAUGH, BRYNER, and CARPENETI, Justices.

## ORDER

**IT IS ORDERED:**

The Petition for Hearing, filed on October 24, 2005 and granted on April 14, 2006, is DISMISSED as improvidently granted.

FABE, Chief Justice, dissenting.

I disagree with the court's decision to dismiss the petition as improvidently granted. A person commits the crime of robbery in the second degree if, in the course of taking property from the immediate presence and control of another, he uses force.[1] Ward shoplifted from a J.C. Penney store, outside the presence of a store clerk, and thus did not take property from the immediate presence and control of another. And although Ward used force in resisting apprehension when chased by security personnel into the Penney's parking garage, he did not use force in the course of taking the property.

Under the common law definition of robbery, use of force after the peaceable taking of property, even "in order to retain possession of the property taken or to facilitate escape" does not qualify as robbery.[2] "At best, in such a case, the separate offenses of larceny and assault . . . are committed."[3]

The Alaska Legislature has modified this common law definition of second-degree robbery to include force used in the course of taking the property when that force is with intent to prevent or overcome resistence to the taking or retention of the property after the taking.[4] But that force still must be used "in the course of taking or attempting to take property from the immediate presence and control of another."[5] Here, the taking was not from the immediate presence or control of another and had been completed by the time Ward was contacted in the garage. And in its definition of first-degree robbery, the legislature specifically added to the elements already present in second-degree robbery the use of force occurring "in immediate flight" after the taking.[6] That element is in addition to those already required for robbery in the second degree. If second-degree robbery included use of force in the immediate flight after a taking, the language "or in immediate flight thereafter" in the first-degree robbery statute would be entirely superfluous.

Because Ward did not take property from the immediate presence and control of another and because our second-degree robbery statute contains no language clarifying that force used in the immediate flight after theft qualifies as force used in the course of the taking, I disagree that Ward committed the offense of second-degree robbery. If our robbery statute is interpreted as the State and the court of appeals contemplate, virtually every shoplifting in which a suspect flees and resists arrest with force will be charged as a robbery in addition to charges of theft and assault. I do not believe that this was

---

1. AS 11.41.510.

2. 4 CHARLES E. TORCIA, WHARTON'S CRIMINAL LAW § 463, at 33 (15th ed.1996).

3. *Id.*

4. AS 11.41.510(a)(1).

5. AS 11.41.510(a).

6. AS 11.41.500(a).

the intent of the legislature, and I therefore dissent from the decision to dismiss the petition as improvidently granted.